UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
                                    )
     v.                             )    Cr. No. 18-090 WES
                                    )
DAVID L. EVANS,                     )
                                    )
          Defendant.                )
_____)

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, Chief Judge.

Before the Court is Defendant David L. Evans's Motion to Suppress, ECF No. 31. After careful consideration of the evidence, Defendant's Motion is DENIED.

I. Background

The prosecution alleges that on May 31, 2018, a lone male robbed the Santander Bank located at 551 North Main Street, Providence, Rhode Island. Government's Mem. in Resp. to Def.'s Mot. to Suppress 1 ("Govt's Mem."), ECF No. 39-1. Following the incident, the lead investigators on the case, FBI Special Agent Medeiros and FBI Task Force Officer Bernard Gannon[1], focused on Evans as a suspect in the robbery. Id. at 2.

On June 6, 2018, Evans was being treated at Rhode Island Hospital for the injuries he suffered in a car accident. Id. At

---

[1] Hereinafter, Medeiros and Gannon will be referred to collectively as "the agents."

approximately 3 p.m., the agents approached Evans in his hospital room with the purpose of obtaining a statement from him. Def.'s Mot. to Suppress 1, ("Def.'s Mot."), ECF No. 31. Prior to questioning Evans, Gannon apprised him of his Miranda rights, and Evans signed a form waiving these rights. Govt's Mem. 2; see Federal Bureau of Investigation Advice of Rights 1, ECF No. 39-2.

The agents recorded and have transcribed the interrogation. Evans Tr., ECF No. 39-3. Because Evans disputes neither what was said nor what he signed, the facts necessary to decide the Motion are settled, and the Court can therefore decide it without a hearing. See United States v. Staula, 80 F.3d 596, 603 (1st Cir. 1996) ("A hearing is required only if the movant makes a sufficient threshold showing that material facts are in doubt or dispute, and that such facts cannot reliably be resolved on a paper record.").

II. Discussion

    A.   Evans waived his Miranda rights prior to the interview.

For Evans's statements to be admissible, the Government must prove that he waived his Miranda rights by a preponderance of the evidence, and that the waiver was made "voluntarily, knowingly, and intelligently." See Colorado v. Connelly, 479 U.S. 157, 168, 175 (1986); United States v. Monroe, 264 F. Supp. 3d 376, 384 (D.R.I. 2017). The United States Supreme Court has found that a signed form waiving Miranda rights is not necessarily sufficient

to establish waiver, but that it is "usually strong proof of the validity of that waiver." North Carolina v. Butler, 441 U.S. 369, 373 (1979). The question of waiver is ultimately determined according to the surrounding circumstances, including the background, experience, and conduct of the defendant. Id. at 374-75.

Here, the totality of the circumstances demonstrates that Evans knowingly waived his Miranda rights. See id. Evans provided thoughtful answers to the agents' questions throughout the interview, without extraordinary prompting or encouragement. See generally Evans Tr. Moreover, Evans is a middle-aged man who has a lifetime of experience in the criminal justice system, including approximately twenty prior arrests. Govt's Mot. 3. This background indicates that he knew what he was doing by signing the Miranda waiver and talking to the agents. See Moran v. Burbine, 475 U.S. 412, 421 (1986) ("[W]aiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it.").

The Court therefore finds that Evans waived his Miranda rights prior to his interrogation. His Motion is DENIED as to his answers to the agents' questions, up to his first mention of counsel at page twenty-four of the transcript. Evans Tr. 24.

B. The question of whether Evans invoked his right to counsel at pages twenty-four and forty-nine is moot.

Throughout its response to Evans's Motion, the Government insists that it does not intend to use any of Evans's testimony following his first alleged invocation of counsel at page twenty-four of the transcript. Govt's Mem. 1, 6. The Court will take the Government at its word, and thus DENY Evans's Motion as moot insofar as it seeks to suppress statements made after that point. See United States v. Acosta, 303 F.3d 78, 81 (1st Cir. 2002) (affirming the district court's dismissal of a motion to suppress as moot because the government represented that it would not rely on the evidence); United States v. Green, No. 98 CR 69(S-3), 1998 WL 938733, at *2 (E.D.N.Y. Nov. 27, 1998) ("The Government has decided not to use this set of statements in their case-in-chief, so the motion to suppress them is dismissed as moot."). Of course, Evans may renew his Motion if the Government attempts to introduce this evidence.

III. Conclusion

For the reasons stated herein, Evans's Motion to Suppress, ECF No. 31, is DENIED as to his initial waiver of Miranda rights, and is otherwise DENIED as moot.

IT IS SO ORDERED.

/s/ William E. Smith
William E. Smith
Chief Judge
Date: August 13, 2019